Joseph K. Langdon v. Hattie S. Wintersteen.

Filed March 8, 1899.   No. 8783.

1. **Motion for New Trial: Affidavits: Review.** Affidavits used on the hearing of a motion for a new trial, in order to be considered in this court, must be embodied in a bill of exceptions.

2. **Value of Goods: Evidence: Witnesses.** To lay a foundation for the admission of testimony as to the value of goods in common use it is sufficient to show that the witness, by purchasing and by pricing similar goods, is in a general way familiar with their value. The weight of the opinion then given is for the jury.

3. **Review: Assignments of Error: Evidence.** Where error is assigned to the admission of a large number of written instruments *en masse*, the assignment is bad unless all were improperly admitted.

4. **Instructions: PHRASEOLOGY: REVIEW.** An instruction is not prejudicially erroneous, although awkward in phraseology, and ungrammatical, provided its meaning is clear.

5. **Chattel Mortgages: FORECLOSURE SALE.** It is the duty of a mortgagee of chattels, in selling under foreclosure, to give a reasonable opportunity to persons desiring to purchase to see the goods and to offer bids. Failing in this the mortgagor may hold him accountable for the sacrifice thereby resulting.

6. **Instructions: REPETITIONS.** It is not error to refuse an instruction the substance of which has been already given.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Affirmed.*

*George Arthur Murphy,* for plaintiff in error.

*F. N. Prout* and *Alfred Hazlett, contra.*

IRVINE, C.

Hattie S. Wintersteen brought this action against Langdon to recover damages for the conversion of a stock of millinery goods. Langdon, besides a general denial and plea of *res judicata,* the merits of which are not presented for review, pleaded that the plaintiff had executed to him a mortgage on the goods; that he had taken possession and regularly sold them, and that they were insufficient to pay the debt secured by the mortgage. The plaintiff in reply pleaded that the mortgage was one executed by her to replace one which her husband, without title or authority, had previously made, and that she had made it under the promise that an extension of six months would be granted on the indebtedness; that Langdon, before any default had occurred, had seized the goods and sold them on an insufficient offer and at a great sacrifice. The mortgage in evidence shows that it was to secure a note due six months after the making thereof. It also contains the usual clause for possession and foreclosure if at any time the mortgagee shall feel unsafe and insecure. The plaintiff had a verdict and judgment.

The defendant complains in the first place that he was compelled to proceed with and complete the trial at an unseemly hour of the night, when his sole counsel was sick and for that reason unable to properly present the case. Of such fact there is no competent proof in the record. The only thing on the subject appears in certain affidavits which are in the transcript but not embodied in a bill of exceptions. If they were used on the hearing of the motion for a new trial, that fact should be made to appear by embodiment in the bill of exceptions; otherwise the affidavits cannot be considered here. (*Morsch v. Besack*, 52 Neb. 502, and cases there cited.)

Complaint is next made of the admission of the testimony of a Mrs. Hollenbeck as to the value of the goods in controversy. The ground of the objection is that her competency was not shown. It appeared that she had frequently priced and bought similar articles at retail, and in a general way knew their values. This was sufficient. The weight of her testimony was for the jury. No very precise or extended knowledge of values of articles of common use is essential to justify the trial court in admitting opinion evidence of this character.

It is assigned that the court erred in admitting a large number of exhibits, consisting of invoices of goods bought by the plaintiff for her stock. The assignment relates to the whole mass of documents, and cannot permit an examination of the propriety of admitting each one separately. They came in on the redirect examination of the plaintiff after a cross-examination which was largely directed to bringing into question the fact of plaintiff's having purchased goods of the character and to the amount she had testified in chief, also towards showing that the stock was old, and being millinery, consequently of little value. The invoices were admitted after proof by the witness that she had actually bought and received the goods as therein stated, and some showed very recent purchase. The trial court restricted their use to the purposes indicated and practically told

the jury they must not be considered as proving present values. There was no error in admitting some, at least, and the whole assignment must therefore fail. (*Sigler v. McConnell*, 45 Neb. 598.)

The defendant complains of the second instruction, given at the request of plaintiff. It is said that it is so awkwardly constructed as to be erroneous for that reason; that it is argumentative, and that it does not state the law. It is very long, is far from being a brilliant literary production, and is not even overnice in its correlation of verbs and subjects. The meaning is nevertheless so clear that it is hardly open to misconstruction, and so long as bad English does not obscure the sense, a judgment cannot be reversed therefor. To summarize the instruction it told the jury that, although a mortgage be valid in its inception, still the mortgagee, in foreclosing and selling thereunder, must proceed fairly and give an opportunity to bidders to inspect the goods and interpose their bids, and, therefore, if the jury should find in this case that no opportunity had been given persons who were prepared to bid to do so, and if the sale was conducted in undue haste and unfairly, the plaintiff might recover. By another instruction the jury was required to deduct the amount of the debt from the value of the goods and give damages only for the difference. There was evidence tending to show that the goods were sold *en bloc* immediately after the sale was opened, and that other persons intending to bid were not given opportunity to do so, although approaching as rapidly as possible. Counsel do not point out in what way the instruction misstates the law, and in view of its application we do not think it does. Nor do we think that it was to such a degree argumentative as to justify a reversal.

Finally, complaint is made because the court refused an instruction to the effect that if the mortgagor, without consent of the mortgagee, was selling the goods, then the mortgagee was justified in feeling insecure and might, under the terms of the mortgage, foreclose. This

was correct and applicable to the evidence, but the substance of the instruction had already been stated in the sixth instruction given by the court of its own motion.

AFFIRMED.