GLADYS E. KIPLINGER, APPELLEE, V. GEORGE A. JOSLYN, APPELLANT.

FILED JANUARY 31, 1913. No. 16,827.

1. **Infants: DISABILITIES.** Under the statutes of this state, the disabilities of a female, as a minor, are ended when she becomes 18 years of age, and she may thereafter bring suits in her own name, and transact business generally. *Parker v. Starr*, 21 Neb. 680.

2. **Judgment: VACATION: INFANTS: LIMITATIONS.** To entitle a female to maintain an action, under the provisions of section 602 of the code, to vacate an order or decree, and for a new trial of an action in the district court, her suit must be commenced within two years after she becomes 18 years of age. If plaintiff relies on the provisions of section 442 of the code, the action must be commenced within one year after arriving at full age.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed and dismissed.*

*John C. Cowin* and *John J. Sullivan*, for appellant.

*Rich, O'Neill & Gilbert*, contra.

BARNES, J.

The plaintiff in this action, after she became 21 years

of age, filed her petition in equity in the district court for Douglas county to set aside the decree of that court attacked by Clinton Joy Sutphen in *Sutphen v. Joslyn, ante,* p. 34. The grounds set forth in her petition were the same as those assigned in the action above mentioned. Upon the issues joined the district court found and decreed that the action was seasonably commenced in point of time, and the plaintiff as one of the heirs of Charles D. Sutphen had a good defense to the action of her father and grandfather against the defendant, George A. Joslyn, for specific performance of the contract which was decreed to be enforced in that action. The decree was set aside, and she was awarded a new trial. From that judgment defendant Joslyn has appealed.

The appellant contends that the district court erred in holding that the action was seasonably commenced, and awarding the plaintiff a new trial. This action was brought under section 602 of the code, which provides: "A district court shall have power to vacate or modify its own judgments or orders, after the term at which such judgment or order was made, * * * by granting a new trial. * * * Fourth. For fraud practiced by the successful party in obtaining the judgment or order. Fifth. For erroneous proceedings against an infant, or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings." Section 609 of the code provides: "Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions 4, 5, and 7 of section 602, must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or person of unsound mind, and then within two years after removal of such disability." By section 5371, Ann. St. 1911, it is provided: "All male children under twenty-one and all females under eighteen years of age are declared to be minors; but, in case a female marries between the ages of sixteen and eighteen, her minority ends."

In *Parker v. Starr*, 21 Neb. 680, it was held that a female 18 years of age may bring suit in her own name, and transact business generally. It follows that under our statutes the plaintiff's disability ended when she became 18 years of age. It must be observed that the plaintiff commenced this action more than three years after her disability ended. But counsel for the plaintiff contend that section 442 of the code, which provides that "it shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment," has the effect of granting the plaintiff a period of four years after she became 18 years of age in which to commence her action. Considering the several sections of our statutes bearing upon this question together, we are of opinion that section 442 does not have the effect for which the plaintiff contends. It seems clear that, in order to maintain her action, plaintiff must have commenced it within one year after she became 18 years of age.

In view of the rule announced in *Sutphen v. Joslyn, supra,* where it was held that there was neither actual nor constructive fraud in the action in which the decree of July 10, 1893, was rendered, and that the decree was binding upon the minors as well as the adult defendants therein, we are of opinion that the plaintiff could not maintain this action. The judgment of the district court is therefore reversed, and the plaintiff's action is dismissed.

REVERSED AND DISMISSED.

FAWCETT, J., not sitting.