Macke v. Wagener.

---

HENRY MACKE, APPELLEE, V. MARY WAGENER, APPELLANT.

FILED JUNE 6 1921. No. 21265.

1. **Libel and Slander: EVIDENCE: ADMISSIBILITY OF DECREE.** On the trial of an action for slander, a decree in an equitable action between the same parties canceling certain notes given by defendant

Macke v. Wagener.

in attempted settlement of the damages growing out of such slander, on the ground that they were "without consideration," was received in evidence over objections of plaintiff; such decree had been affirmed, but upon the ground of undue influence, the supreme court expressly holding that they were *not* without consideration. *Held*, that the objections should have been sustained.

2. **Trial: EXCEPTION: WAIVER.** By introducing in evidence, upon rebuttal, the opinion of the supreme court, plaintiff did not waive his exception to the ruling of the trial court admitting the decree.

3 **New Trial: ADMISSION OF DECREE: PREJUDICIAL ERROR.** The decree was immaterial and incompetent evidence, and had a tendency to mislead the jury, and its admission was therefore prejudicial error calling for a new trial.

APPEAL from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Vail & Flory* and *William L. Dowling,* for appellant.

*W. R. Patrick, V. E. Garten* and *Benjamin S. Baker,* contra.

Heard before MORRISSEY, C.J., DAY, DEAN, FLANSBURG and ROSE, JJ., REDICK, District Judge.

REDICK, District Judge.

This is an action for slander brought by Mary Wagener, plaintiff, against Henry Macke, defendant; this is the reverse of their designation in the record, but for purposes of clearness they will be placed in their true position in th's opinion.

The present action is the development of the following facts: On March 30 and 31, and April 1, 1915, Macke is alleged to have spoken and published certain slanderous words of and concerning Mary Wagener, and on April 7, 1915, in an attempted settlement of the claim of the latter for damages, Macke executed and delivered to her four notes aggregating $3,000, secured by mortgage upon certain lands in Boone county, Nebraska. On April 14, 1915, thereafter, Macke brought a suit in equity in the district court for Boone county against Mary Wagener to cancel said notes and mortgage, alleging that they were procured from him by duress and undue influence on the

part of the friends and agents of said Mary (she not having taken part in the negotiations) and were without consideration. Mary answered, denying all duress and undue influence, and set up in part the speaking of the slanderous words, and alleging that the release of her claim for damages on account thereof was the consideration for said notes, Macke replied by a general denial and setting up some special defenses. The trial resulted May 15, 1916, in a decree for Macke finding that the notes were *"void for want of consideration,"* canceling them, and granting a perpetual injunction.

Mary Wagener prosecuted an appeal to this court, and the decree of the district court was affirmed as modified, the opinion being written by Cornish, J. (*Wagener v. Jungels,* 102 Neb. 123), in which he said, speaking for the court: "We are unable to agree with the trial court that the incident was of such trifling nature that the court can say, as a matter of law, that the words used were not slanderous, nor sufficient to base a claim for damages." But it was held that the circumstances surrounding the execution of the notes and mortgage, "while not amounting to duress, did amount to a social and mental force exerted upon him (Macke) controlling the free action of his will, and preventing that voluntary action in the giving of the notes which equity will relieve against on the ground of undue influence."

It was further held that it would be inequitable that Mary Wagener's claim for damages should be lost by running of the statute of limitations while the equity suit was pending, she having defended said suit in good faith upon the ground that undue influence was not exerted; and she was therefore permitted, at her election, "to plead, setting up her alleged cause of action against Macke, and, upon issues being joined, the cause tried as a law action for damages;" and the cause was remanded for further proceedings as indicated.

Thereupon, following the filing of the mandate of this court, Mary Wagener, described as *defendant,* filed her

petition in slander against Macke, described as *plaintiff*, in the district court, wherein she began: "Comes now Mary Wagener and files her petition *in pursuance of the mandate* of the supreme court in this case and complains of Henry Macke, and says:". The petition then proceeds at great length to set out the speaking by Macke, concerning plaintiff, in the presence of numerous persons, of words in the German language, which translated meant: "You have got man's fever or otherwise you would not want to sit here with the men." "She squeezes herself into the pew like a bull to heifers in the cornfield," and other words of like import, all of which, plaintiff alleged, were understood by those who heard them and were intended to charge plaintiff "of having an uncontrollable sexual desire," etc.; the petition closing with a prayer for $12,000 damages.

Defendant Macke answered, denying generally the allegations of the petition, and that the words spoken had, or were understood as having, any opprobrious meaning, and alleging that, properly translated, his words meant, "if she has man's fever," or "if she wishes to be amongst menfolks," "why does she not marry one?" and "she squeezes herself into the seat like a steer in the cornfield," etc. And then follow allegations of matters claimed to be in explanation or excuse, not necessary to set out. Plaintiff replied generally.

Upon the issues so framed trial was had before the district judge and a jury, which resulted in a verdict for the plaintiff for one cent damages. Motion for new trial having been overruled, plaintiff brings the case here on appeal, alleging error: (1) In allowing counsel for defendant to recite the history of the equity case in his opening statement; (2) in admitting in evidence the pleadings and decree in the equity suit; (3) in overruling plaintiff's motion for a new trial.

The first two assignments may be considered together, as they involve but one principle of law, which is applicable to both. The bill of exceptions shows the fol-

lowing proceedings during the opening statement by counsel for defendant Macke:

"Mr. Patrick: The evidence will further show, gentlemen, that this preliminary meeting was followed by another one later in the evening at the priest's house, at which the priest obtained a note from Macke, in favor of the housekeeper, Mary Wagener, for the sum of three thousand dollars.

"Mr. Dowling: The defendant, who is now the plaintiff, objects to counsel in his opening statement going into the details of the transaction tried out in the former case, because the same is incompetent, immaterial, and irrelevant, and prejudicial, and moves the court to exclude such statements.

"Motion overruled. Defendant excepts."

"Mr. Patrick: Counsel went into the statement that there was a meeting at Mr. Vail's office, and—

"Mr. Dowling: Defendant-plaintiff objects to the statement of counsel just made, and moves the court to strike out the statement and instruct the jury to pay no attention to it, for the reason that none of the matters and things suggested are capable of proof and are immaterial in the present case, because the other case, or branch of the case, is settled and determined, and this is a suit for slander, and the statement is prejudicial to the rights of Mary Wagener.

"Court: That may be true, but I don't know, in the present situation of the case. Motion overruled. Defendant excepts.

"Mr. Patrick: There was a proceeding to cancel the notes and mortgage in this suit, which was begun originally by Henry Macke, as plaintiff, v. John W. Jungels, the priest, and Mary Wagener, his housekeeper, and it resulted in a trial in this court, in which the mortgage and notes were canceled. The case found its way to the supreme court and was decided there, in which the judgment of this court was affirmed, and on October 15, 1918— about three years and six months after the occurrence of

the events in the chapel and the church—this petition was filed in this case, charging that Mary Wagener was grievously injured in the sum of fifteen thousand dollars by a controversy provoked and precipitated by herself, as the evidence will show, as I have stated, in substance and as briefly as I can, the particulars concerning—

"Mr. Dowling: I move to strike out all this statement, which amounts to testimony of counsel, for the reason that all of the transaction respecting the former trial, the decision of the court, etc., in this case, is not subject to proof under the issues here, because the facts are not stated correctly and because the statement is made for the purpose of prejudicing the minds of the jury, and the entire judgment and transaction is not stated truthfully or completely.

"Court: Of course, it would be entirely different if we had two separate cases; but it is all one case.

"Mr. Dowling: They are two separate cases, to all intents and purposes, your honor."

Later on, the trial court received in evidence the pleadings and decree in the equity case, overruling plaintiff's objection as follows:

"Mr. Dowling: To each of which the defendant, Mary Wagener, objects, because the same is incompetent, irrelevant and immaterial, and tends to raise a collateral issue and is prejudicial to her rights; and for the reason that the decree offered as Exhibit 8 has been modified and the case reversed by the supreme court of the state of Nebraska."

Beyond doubt, the trial court erred in permitting to be made these statements of defendant's counsel referring to the equity case and in refusing to instruct the jury to disregard them; also in admitting the pleadings and decree in that case. *Adams v. Fisher,* 83 Neb. 686. In fact, appellee's counsel do not discuss nor cite any authority upon the question, but impliedly concede the point in their brief: "Perhaps the opening statements of Macke's counsel and the introduction of the pleadings in the equity

case might have been irregular or surplusage unless withdrawn from the consideration of the jury in a proper instruction"—but argue:

(1)   That, in the absence of the court's instructions from the record, it will be presumed the offending matter was withdrawn from the consideration of the jury; but at the close of the hearing in this court appellant was given permission to supply the instructions, and they have been made a part of the record, and contain no reference to the above matters.

(2)   That appellant invited the error by referring to the mandate of this court in the first paragraph of her petition, as above set out.   We think this argument more facetious than persuasive, recalling the excuse of the lion for devouring the lamb that "He tried to bite me," and in a manner justifying an infraction of the second paragraph of section 9 of the Bill of Rights prohibiting cruel and unusual punishment.

(3)   That the error, if any, was cured by the trial court admitting in evidence the opinion of this court affirming and modifying the decree in the equity case, excerpts from which are cited above.   We think plaintiff should not be charged with complicity in the error complained of; the immaterial and incompetent evidence had been received with the approval of the court, and plaintiff was not required to rely upon her exception, but might reasonably proceed in accordance with the view of the trial court and offer evidence of a similar character to rebut the inferences which might be drawn from defendant's evidence without waiving the objection.   *See v. Wabash R. Co.*, 123 Ia. 443; *City of Chicago v. Spoor*, 190 Ill. 340, citing, *San Antonio & A. P. R. Co. v. De Ham*, 54 S. W. (Tex. Civ. App.) 396; *Richardson v. Webster City*, 111 Ia. 427; *Horres v. Berkeley Chemical Co.*, 57 S. Car. 192; *Washington Township Farmers C. F. & G. L. Co. v. McCormick*, 19 Ind. App. 664.

In the case last cited the court said: "After the court had held, over appellant's objection, that the evidence was

competent; * * * appellant, in seeking to overcome the case made by appellee, could follow the theory laid down by the court without impliedly admitting the court's theory to be right and without waiving his right to question the court's action."

This brings us to the third and last assignment, which involves the question whether the errors pointed out were prejudicial. There is some diversity of opinion among the cases as to where the burden lies to prove the error prejudicial, but the long-established rule in this state is that, where immaterial and irrelevant testimony has been admitted over objection, and which may have a tendency to mislead the jury, it is good ground for a new trial. *Simpson v. Armstrong,* 20 Neb. 512; *Harrison v. Baker,* 15 Neb. 43.

COBB, J., in the case last cited, said: "While we may not be able to see what particular effect this testimony had upon the jury, it was well calculated to divert their minds from the true issues involved in the case, and it was the right of the defendant to have his case go to the jury without being incumbered with illegal or irrelevant matter."

The same rule is announced in *George v. K. & D. M. R. Co.,* 53 Ia. 503, 505: "When such evidence is admitted, which bears upon the issues and questions to be considered by the jury, prejudice must result therefrom unless it can be satisfactorily shown that such was not the case, and this should affirmatively, not negatively, appear. In other words, the court must be able to say that it appears no prejudice has been caused by the erroneous ruling." This case is cited with approval in *Bee Publishing Co. v. World Publishing Co.,* 62 Neb. 732.

In the case at bar the verdict was for plaintiff, Wagener, for one cent; the evident purpose of the statement to the jury, and offer of the decree in the equity suit, was to get before the jury the fact that the judge then presiding had found that there was no consideration for the notes and mortgage, as a basis for the argument that plaintiff had

Macke v. Wagener.

suffered no damage. True, the opinion on appeal upset this finding, but by submitting both to the jury the trial court (had no special instructions been given on the point) impliedly told the jury they might weigh the two and take their choice. By an instruction given at the request of Macke, the trial court told the jury "that the decision of the supreme court in this action was admitted in evidence merely to aid the jury in determining what the issues in the present controversy are, and that the same is not to be considered by them for *any* other purpose. Nor, should you consider said decision, or any expression therein, in determining whether the words spoken by Macke were intended by him to, or in fact did, charge Mary Wagener with conduct which in any way reflected upon her moral character." This left the finding of the district court on the question of "consideration" in full force, and effectively deprived appellant of any benefit which appellee's counsel claims resulted from the introduction of such decision. Whether or not in sound logic the finding touched the question of damages in this case, it had no legal status as evidence, and clearly tended to mislead the jury upon a pivotal question; and while we are not unmindful of the disinclination of courts to multiply trials in this class of cases, and express no opinion upon the question whether nominal, substantial, or any damages should be given, we are forced to the conclusion that plaintiff was not accorded a fair hearing upon that question.

Considerable space in brief of appellee is devoted to a discussion of the correctness of our former decision in "extending the statute of limitations." Of course, we did no such thing; we held "that the statute of limitations does not run during the period covering the pendency of said action." We must decline to enter upon this question, however, as it is settled by the law of the case.

There seems to have been considerable confusion upon the trial in the district court growing out of the designation of the plaintiff as defendant, and defendant as plain-

Crane v. Grand Lodge, A. O. U. W.

tiff, and the pleadings should be reformed to correct this; the defense of the statute of limitation should be stricken from the answer, and the case tried as an ordinary action of slander.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.