STATE OF NEBRASKA, APPELLEE, V.
RICKY G. HINGST, APPELLANT.

557 N.W.2d 681

Filed January 17, 1997.   No. S-95-1120.

Dennis W. Morland, of Johnson & Morland, P.C., for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ., and CASSEL, D.J.

PER CURIAM.

Ricky G. Hingst was convicted of driving under the influence of alcoholic liquor, second offense. The Nebraska Court of Appeals reversed the jury verdict and remanded the cause for a new trial, concluding that the district court committed plain error in failing to exclude the chemical test results because the postarrest advisement form failed to conform to this court's decision in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995). We affirm.

## BACKGROUND

On October 26, 1994, at approximately 3:30 a.m., Officer Matthew Roskens of the Pierce Police Department observed Hingst's car cross both the center line and shoulder line of Highway 13 before coming to a stop. Upon approaching the vehicle, Roskens was informed by Hingst that his car accelerated unexpectedly due to a mechanical problem. At this point, Roskens smelled alcohol on Hingst's breath and found a partial six-pack of beer in the vehicle, including two open bottles. Roskens radioed his dispatcher, requesting assistance.

Pierce County Deputy Sheriff Scott Blair arrived at the scene at approximately 4 a.m. Blair also smelled alcohol on Hingst's breath and noted that his eyes were bloodshot. Blair then administered several field sobriety tests. Hingst failed twice to correctly recite the alphabet. In addition, when asked to count backward from 100 to 79, Hingst continued to count backward to 59. Hingst also failed a finger dexterity test in that he began the test before Blair instructed him to do so. At trial, Blair testified that Hingst's speech appeared to be slurred while the field sobriety tests were being administered. Blair also testified that Hingst admitted to consuming 2½ beers that evening.

Hingst was subsequently arrested for driving under the influence and transported to the Pierce County sheriff's office, where he consented to a breath test after reading and signing the "Administrative License Revocation Advisement Post Arrest" form. The test indicated an alcohol concentration of .129 of a gram of alcohol per 210 liters of breath. Hingst was charged with driving under the influence, second offense.

At Hingst's jury trial, Roskens and Blair testified that Hingst was, in their opinion, under the influence of alcohol on the evening in question. In addition to this testimony, the postarrest advisement form was admitted into evidence. The jury entered a verdict of guilty, and Hingst subsequently was sentenced to 30 days in jail and was ordered to pay a $500 fine; his license was revoked for 1 year. Hingst appealed to the Court of Appeals, contending that his criminal conviction, in lieu of the administrative revocation of his license, amounted to double jeopardy; that it was plain error for the district court not to have found that Hingst was not properly advised of the consequences of submitting to a breath test as required by *Smith v. State, supra*; and that the district court failed to find plain error in that the jury was selected 1 week before the trial began.

The Court of Appeals reversed the conviction, holding that it was plain error to admit the breath test results because the postarrest advisement form did not conform to the requirements set forth by this court in *Smith v. State, supra.* See *State v. Hingst*, 4 Neb. App. 768, 550 N.W.2d 686 (1996). We granted the State's petition for further review.

## ASSIGNMENT OF ERROR

In its petition for further review, the State contends that the Court of Appeals erred in finding plain error in the district court's failure to find that the results of the chemical test should have been excluded.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the decision made by the court below. *State v. Christner, post* p. 549, 557 N.W.2d 707 (1997); *State v. Emrich, post* p. 540, 557 N.W.2d 674 (1997).

In a jury trial of a criminal case, an erroneous evidential ruling results in prejudice to a defendant unless the State demonstrates that the error was harmless beyond a reasonable doubt. *State v. Lee*, 247 Neb. 83, 525 N.W.2d 179 (1994); *State v. Carter*, 246 Neb. 953, 524 N.W.2d 763 (1994).

## ANALYSIS

We begin our analysis noting that the postarrest advisement form read to Hingst prior to his submission to a chemical blood test is, in all respects, the same as those used in *State v. Christner, supra,* and in *State v. Emrich, supra.* In both those cases, we held that the form was inadequate because it failed to inform the driver of the "natural and direct legal consequences" of submitting to a chemical test as required by Neb. Rev. Stat. § 60-6,197 (Reissue 1993). *State v. Christner, post* at 554, 557 N.W.2d at 710; *State v. Emrich, post* at 546, 557 N.W.2d at 680. As such, we held in both cases that the district court erred in admitting chemical test results obtained after the driver was read the inadequate advisement form.

Obviously, the same holds true for Hingst. Because the postarrest advisement form read to him suffers from the same infirmities as those in *Christner* and in *Emrich,* we conclude that the Court of Appeals was correct in its determination that the district court erred in failing to exclude the results of Hingst's chemical test results.

An important procedural distinction must be made, however, between the present case and *Christner* and *Emrich.* Unlike *Christner* and *Emrich,* Hingst's case was tried before a jury. In a jury trial of a criminal case, an erroneous evidential ruling results in prejudice to a defendant unless the State demonstrates that the error was harmless beyond a reasonable doubt. *State v. Lee, supra; State v. Carter, supra.* An error is harmless when the improper admission of evidence did not materially influence the jury to reach a verdict adverse to the substantial rights of the defendant. *State v. Carter, supra; State v. Hughes,* 244 Neb. 810, 510 N.W.2d 33 (1993).

The record before us reveals that Hingst was charged with driving under the influence, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993). We have repeatedly held that a violation of this statute can be proved in various ways. See *State v. Dake,* 247 Neb. 579, 529 N.W.2d 46 (1995). In addition to Hingst's breath test results, there exists other evidence that Hingst may have been driving while under the influence on the night in question. In the instant case, we cannot determine which evidence the jury relied on in convicting Hingst. As such,

we cannot say the State has proved that the erroneous admission of Hingst's breath test results was harmless beyond a reasonable doubt. Consequently, we affirm the Court of Appeals' reversal of Hingst's conviction.

Although the admission of the breath test results requires us to reverse Hingst's conviction, we must still examine the sufficiency of the evidence presented against him to resolve this matter completely. *State v. Christner, supra*; *State v. Emrich, supra*. If there is sufficient evidence to support Hingst's conviction, the cause may be remanded to the district court for further proceedings; if not, the cause must be dismissed. See *id.* As previously noted, and as made evident from the facts set forth above, we conclude that there is sufficient evidence upon which a jury could, on remand, find Hingst guilty of driving under the influence.

## CONCLUSION

In accordance with the foregoing analysis, we affirm the Court of Appeals' decision in this matter reversing Hingst's conviction and remanding the cause to the district court with directions to remand the matter to the county court for a new trial.

AFFIRMED.

CASSEL, D.J., concurring.

The decision in this case is controlled by the decision in *State v. Christner, post* p. 549, 557 N.W.2d 707 (1997), which follows from the decision in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995).

The principle of stare decisis requires adherence to past decisions. As Justice Brandeis stated:

> *Stare decisis* is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right. . . . This is commonly true even where the error is a matter of serious concern, provided correction can be had by legislation.

*Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406, 52 S. Ct. 443, 76 L. Ed. 815 (1932) (Brandeis, J., dissenting).

I am constrained to follow the principles previously established by the majority in *Christner* and in *Smith*. Although I

might have decided those cases differently, the rule of law demands adherence to settled principles. This is particularly true where the Legislature can, and indeed has chosen to, provide for a different result in future cases. Accordingly, I concur in the judgment of the court.

CONNOLLY, J., dissenting.

I dissent for the reasons set forth in my dissent in *State v. Christner, post* p. 549, 557 N.W.2d 707 (1997).

WRIGHT and GERRARD, JJ., join in this dissent.