STATE OF NEBRASKA, APPELLEE, V.
GRETTA MERRILL, APPELLANT.
566 N.W.2d 742

Filed June 27, 1997.　No. S-96-844.

Jerry D. Anderson, of Heinisch Law Office, for appellant.

Don Stenberg, Attorney General, and Jennifer S. Liliedahl for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

Pursuant to verdict, the district court adjudged the defendant-appellant, Gretta Merrill, hereafter referred to as Merrill, guilty of the unlawful manufacture of marijuana, a controlled substance, in violation of Neb. Rev. Stat. §§ 28-405(c)(10) [Schedule I] and 28-416(1)(a) (Reissue 1995); the possession of more than 1 pound of that substance, in violation of §§ 28-405(c)(10) [Schedule I] and 28-416(12); and the possession of methamphetamine, a controlled substance, in violation of §§ 28-405(c)(3) [Schedule II] and 28-416(3). She then appealed to the Nebraska Court of Appeals, assigning a number of errors to the district court, but arguing only, in summary, that it wrongly overruled (1) her motions to suppress certain evidence and (2) her objections to the admission of certain evidence. The plaintiff-appellee, State of Nebraska, thereafter successfully petitioned this court to bypass the Court of Appeals. We affirm.

## II. FACTS

Deputy Sheriff Steven Gene Roemmich received information that there were marijuana plants growing on a farmstead occupied by Merrill and her husband, Ronald Merrill. On September 25, 1995, Sheriff William L. Burgess and Roemmich drove to the farmstead in a marked sheriff's vehicle. When they arrived, the officers saw Merrill and her husband standing in the yard and drove in to talk with them. The officers did so by driving into the driveway, turning around, heading back out of the driveway, and stopping in the area of the back porch of the house. Neither officer exited the vehicle. As Burgess talked to the Merrills regarding a separate nonrelated case concerning a stolen check, Roemmich noticed some bushes that he recognized as marijuana plants. The two officers then left.

The same day, the officers prepared an affidavit to secure a search warrant, which included the information regarding the marijuana plants seen in the Merrill yard, and a warrant was

issued for a search of the farmstead. Later that same day, Roemmich, Burgess, and State Patrol Trooper Tom Hayes served the warrant on the husband at the farmstead. Merrill was either home when the officers arrived and was allowed to leave to pick up her son from school or was not home when they arrived, but returned before they left the residence. The husband also voluntarily gave written permission to search the house.

During the search, the officers found and took possession of a number of items, including: a small amount of marijuana on a coffee table; a brown shave kit containing two spoons, numerous syringes, a blue Ziploc bag, and a small bottle of adrenaline solution; a wooden box with suspected marijuana seeds; a photograph album; a marijuana plant poster; a letter addressed to the Merrills; a balance scale; a weights and measures poster; records of transactions; maps of Fillmore, Gage, and Saline Counties; and a blanket with some suspected marijuana seeds clinging to it. After seeing a garden hose leading to the plants and noticing that the ground underneath the plants had no weeds, the officers also took possession of two marijuana bushes growing outside the house.

The officers then arrested the husband and, while searching him, found on his person a small marijuana pipe. During the next 2 days, a warrant was issued for Merrill and she was arrested as well.

### III. ANALYSIS

We do not ignore that in addition to the two summarized assignments of errors set forth in part I above, Merrill also assigns in her brief that the district court erred in overruling her motions for a directed verdict and for a new trial or judgment notwithstanding the verdict, and in sentencing her to concurrent terms of imprisonment for a period of not less than 18 nor more than 19 months on each of the crimes. However, as she failed to argue any of those assignments of error in her brief, we do not consider them. See *State v. Privat*, 251 Neb. 233, 556 N.W.2d 29 (1996) (absent plain error, errors assigned but not discussed in brief will not be addressed); Neb. Ct. R. of Prac. 9D(1)d (rev. 1996).

### 1. MOTION TO SUPPRESS

We thus turn our attention to the first assignment of error argued by Merrill, which asserts that the district court erred by

overruling her motion to suppress the items taken during the search on September 25, 1995. This assignment of error involves the same evidence, issues, and contentions as were presented in the husband's case decided on May 16, 1997, *State v. Merrill, ante* p. 510, 563 N.W.2d 340 (1997). Indeed, a single combined hearing was held in the district court on Merrill's and the husband's motions to suppress. That being the case, there is no need to detail the analysis here, and we conclude that the district court did not abuse its discretion in overruling Merrill's suppression motions.

## 2. ADMISSION OF EVIDENCE

That brings us to the second argued assignment of error, which asserts the district court improperly received certain evidence. We are not unmindful that with respect to some evidence, Merrill also contends that the district court wrongly overruled her motion in limine.

However, a motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury; it is not the office of such a motion to obtain a final ruling upon the ultimate admissibility of the evidence; rather, its office is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. *State v. Coleman*, 239 Neb. 800, 478 N.W.2d 349 (1992). As a consequence, when a court overrules a motion in limine, the movant must object when the particular evidence, previously sought to be excluded by the motion, is offered. *Id.* Because overruling a motion in limine is not a final ruling on the admissibility of evidence and therefore does not present a question for appellate review, a question concerning the admissibility of evidence which is the subject of a motion in limine is raised and preserved for appellate review by an appropriate objection during trial. *Id.* We therefore concern ourselves only with evidence received over objection made during the trial.

### (a) Scope of Review

The review of this assignment of error is controlled by the rule that where the Nebraska Evidence Rules apply, the admis-

sibility of evidence is controlled by rule, not by judicial discretion, except in those instances under the rules when judicial discretion is a factor involved in the admissibility of evidence. *State v. Thieszen, ante* p. 208, 560 N.W.2d 800 (1997); *State v. Allen, ante* p. 187, 560 N.W.2d 829 (1997); *State v. Earl, ante* p. 127, 560 N.W.2d 491 (1997).

### (b) Application of Law to Facts

Under the objections made at trial, we must review the admissibility of the (i) photograph album, (ii) marijuana plants poster, (iii) letter addressed to the Merrills, (iv) balance scale, and (v) weights and measures poster. The questions with respect to each item of evidence are whether a proper foundation exists for its admission, whether it is relevant, and whether it suggests a decision on an improper basis such as to be excludable under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995), as the result of presenting a danger of unfair prejudice outweighing its probative value.

### (i) Photograph Album

The photograph album, offered and received as a single exhibit, contains 32 individual Polaroid photographs. Eight of them depict a female identified as Merrill; 11 depict a male identified as the husband; and 25 depict vegetation identified as marijuana, 5 of which include Merrill. One portrays a motorcycle.

A photograph is admissible in evidence if the subject matter or contents are depicted truly and accurately at a time pertinent to the inquiry and the photograph has probative value as relevant evidence. See, Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1995) (relevant evidence defined); *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992); *State v. McCaslin*, 240 Neb. 482, 482 N.W.2d 558 (1992); *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991); *State v. Stephenson*, 199 Neb. 362, 258 N.W.2d 824 (1977).

Of the five photographs depicting Merrill and the vegetation, three contain written legends reading, "Gretta's first 3-way! 9/94," "This was a nice patch we had at an abandoned farm house," and "To everyone who hasn't fucked in the middle of a pot patch."

The fact that the officers obtained possession of the album prior to Merrill's arrest establishes that the photographs were

developed at a time pertinent to the inquiry, that is, at a time prior to when Merrill was charged with knowingly and intentionally possessing marijuana. The fact that Merrill and the marijuana could be identified establishes that the photographs accurately portrayed those subjects. Thus, the record establishes an adequate foundation for those five photographs.

The next question is whether the five photographs were relevant, for only relevant evidence is admissible. *State v. Lee*, 247 Neb. 83, 525 N.W.2d 179 (1994). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *State v. Newman*, 250 Neb. 226, 548 N.W.2d 739 (1996); *Lee, supra.*

There are two components to relevant evidence: materiality and probative value. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994). Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial. What is "in issue," that is, within the range of the litigated controversy, is determined mainly by the pleadings, read in the light of the rules of pleading and controlled by the substantive law. *Fahlk, supra.* Probative value is a relative concept; the probative value of a piece of evidence involves a measurement of the degree to which the evidence persuades the trier of fact that the particular fact exists and the distance of the particular fact from the ultimate issues of the case. *Newman, supra; State v. Eona*, 248 Neb. 318, 534 N.W.2d 323 (1995).

Given Merrill's defense that she did not know what marijuana looked like in plant form and therefore could not have knowingly or intentionally possessed it, we must conclude that the five photographs raised an inference that having been photographed with marijuana in plant form, she knew how marijuana appeared in such form. The photographs were thus relevant and cannot be said to have suggested a decision on an improper basis.

However, the record contains no foundation for the legends which accompanied three of the five photographs; while the record reveals that the husband wrote them, it does not tell us

when they were written, the purpose for which they were written, or even whether Merrill knew of their existence. Thus, only the two photographs not accompanied by legends depicting Merrill and the vegetation were properly admissible in evidence.

But although Merrill objected to some questions relating to some photographs, she did not object to the admission of any single photograph; rather, she objected to the admission of the photograph album as a whole. It is not error to overrule an objection which is in part valid and in part invalid. *Lee, supra.* Thus, an objection to an exhibit as a whole is properly overruled where a part of the exhibit is admissible. *Id.* Two of the 32 photographs being admissible, the district court did not err in overruling the objections to the album as a whole.

### (ii) Marijuana Poster

The marijuana poster depicts a marijuana bed which the record establishes came from a magazine which caters to marijuana smokers. The record further establishes that the poster was found in a bedroom of the Merrill farmstead and that it is in the same condition as when found. Thus, an adequate foundation for its admission was laid, and given Merrill's defense, the poster is relevant to the issue of her knowledge concerning the appearance of marijuana in plant form and cannot be said to suggest a decision on an improper basis. The district court therefore properly admitted the marijuana poster.

### (iii) Letter

The undated letter in question is directed to "Ron & Gretta" at a rural route box at Ohiowa, Nebraska, and refers to Phoenix, Arizona, as the writer's residence and is signed "Tim." It recites that "[t]here is no speed to be found no where [sic], & there's only a hand full of people that have descent [sic] shit bro!! EVERYONE else is either ripping each other off or selling bullshit, and I mean bullshit." It further describes how the writer "got burnt on the last 3 batches until now," admonishes the Merrills to "be thankful because I could have sent you some of that good-old 'Bullshit,' " and advises that "[t]his is the best thats [sic] going around so I hope you enjoy it!!" The letter further reveals that the writer has only "9 quarters left so if you want more—send money quick," and promises to put "2 or 3 off

to the side for a week & wait for your response." The letter also inquires, "So, when is it harvesting time?"

In holding a letter given to the police by the defendant's mother inadmissible, we wrote in *State v. Timmerman*, 240 Neb. 74, 88, 480 N.W.2d 411, 420 (1992):

> In order to be admitted into evidence, documents must be identified or authenticated. See Neb. Evid. R. 901(1), Neb. Rev. Stat. § 27-901(1) (Reissue 1989). Such authentication may be provided by testimony. See rule 901(2)(a). However, Neb. Evid. R. 602, Neb. Rev. Stat. § 27-602 (Reissue 1989), requires that a witness may not testify to something of which the witness has no personal knowledge. The officer on whose testimony the letter was admitted could testify only that the defendant's mother gave him the letter. Such testimony does not authenticate the letter. We still do not know who wrote the letter, where the mother found the letter, whether the defendant had read the letter, or whether the defendant had ever been in possession of the letter. Without knowledge of at least some of these facts, we cannot even begin to determine whether the letter was possibly relevant.

Here, the record establishes that Burgess retrieved the letter from a desk in a bedroom of the Merrill house, that it is in substantially the same condition as when Burgess retrieved it, that the writer was a friend of the husband, and that Merrill socialized with the writer's wife. Under those circumstances, it was for the jury to determine whether Merrill had read the document. Thus, there was an adequate foundation laid for its admission. Moreover, given the nature of Merrill's defense and the reference in the letter to the time for harvesting, the letter was relevant to the issue of her knowledge and because of that fact did not suggest a decision on an improper basis. The district court therefore did not err in receiving the letter in evidence.

### (iv) Balance Scale

The record establishes that the balance scale at issue was found on a shelf in a cabinet of a bedroom of the Merrill residence and that it is of a type which is commonly used to weigh drugs, particularly marijuana. Although the counter balancing

trays were missing, there was evidence that the scale neverthe-less was usable by placing a substance into a plastic bag and then placing the bag on the scale. There was therefore an ade-quate foundation for its admission. However, Merrill was charged with manufacturing and possessing marijuana and with possessing methamphetamine. The record does not explain how the scale was used in the commission of any of those crimes. We can understand that a scale would be a useful tool in packaging a substance for distribution, but not how it could be a tool in manufacturing a substance which is grown, be it marijuana or oregano. Neither do we understand how a scale could be a tool required to possess either marijuana or methamphetamine. Accordingly, the scale is not relevant and suggests a decision on an improper basis, namely, that Merrill lived in an environment from which drugs were distributed. The district court therefore erred in receiving the scale in evidence.

### (v) Weights and Measures Poster

The weights and measures poster is inadmissible for the same reasons that the scale is inadmissible, and the district court thus erred in receiving that poster into evidence.

### (c) Resolution

However, our analysis cannot end with a determination that the district court erred in receiving the scale and weights and measures poster in evidence. As distinguished from structural errors, not all trial errors, even trial errors of constitutional mag-nitude, entitle a criminal defendant to the reversal of an adverse trial result; only prejudicial trial error, that is, trial error that cannot be said to be harmless beyond a reasonable doubt, requires that a conviction be set aside. *State v. Newman*, 250 Neb. 226, 548 N.W.2d 739 (1996); *State v. Trackwell*, 244 Neb. 925, 509 N.W.2d 638 (1994). See, *Johnson v. U.S.*, ___ U.S. ___, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997); *Sullivan v. Louisiana*, 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993); *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996).

In the context of the erroneous admission of evidence, the question is whether on the basis of the entire record the erro-

neously admitted evidence materially influenced the jury. *State v. Neujahr*, 248 Neb. 965, 540 N.W.2d 566 (1995); *State v. Lee*, 247 Neb. 83, 525 N.W.2d 179 (1994). More specifically, the erroneous admission of evidence which is not cumulative may constitute harmless error beyond a reasonable doubt when the defendant's conviction is supported by overwhelming evidence which has been properly admitted or admitted without objection. *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993); *State v. Salamon*, 241 Neb. 878, 491 N.W.2d 690 (1992).

The properly admitted evidence overwhelmingly supports findings that Merrill manufactured and possessed marijuana. As there is no challenge to the sufficiency of the evidence concerning her possession of methamphetamine, we must conclude that there is no merit to this assignment of error.

## IV. JUDGMENT

We therefore, as first noted in part I, affirm the judgment of the district court.

AFFIRMED.