JULIUS TREITSCHKE, PLAINTIFF IN ERROR, v. THE WESTERN GRAIN CO., DEFENDANT IN ERROR.

1.  **Waiver of error.** A waiver or release of error, occurring after final order or judgment, should be pleaded and not set up by affidavit; but if stated in affidavits, without objection, it is too late on the hearing to object to the *form* of the proceedings.

2.  ———; PROCEEDINGS IN ERROR.  After confirmation of a sale under a decree of foreclosure, a decree was made directing payment of the deficiency, and awarding execution against T. and others.  T. thereupon obtained an injunction, which was afterwards dissolved, and an execution was thereupon levied upon his goods.  He then entered into an agreement with the attorneys for the creditor to settle the entire matter, by paying nearly one-half of the amount due on the execution in rent to become due, and secured notes, and the rest in cash, the creditor to deliver to him the injunction undertaking upon which he was liable, and to assign the decree to enable him without suit to compel contribution from a co-surety.  *Held*, that the agreement was in the nature of a compromise, and that T. could not thereafter prosecute a petition in error to reverse the decree directing payment of the deficiency.

MOTION to dismiss proceeding in error.

*Thurston & Hall*, for the motion.

*A. Swartzlander*, contra.

MAXWELL, CH. J.

On the 6th day of December, 1876, the defendant herein obtained a decree of foreclosure for the sum of $1,785,58, and $70.00 attorney's fees, against C. Weymuller, Margarett Weymuller, Martin Jetter, and the plaintiff herein, in the district court of Douglas county. The amount realized from the sale of the mortgaged premises appears to have been inconsiderable, and after a sale and confirmation thereof, the court, on the 31st day of March, 1880, made an order, of which the following is a copy: "and there still remaining due to the said Western Grain Company the sum of two thousand six hundred and forty-three dollars and four cents, it is considered that it recover the same from the defendants Charles Weymuller, Martin Jetter, and Julius Treitschke, and execution is awarded therefor."

On the 20th day of April, 1880, the plaintiff herein filed a petition in said cause in said court, praying for a vacation of the order awarding execution for the deficiency and praying for an injunction. A temporary order of injunction was granted, which on the 28th day of the same month was dissolved. An execution was thereupon issued and levied upon the goods of the plaintiff. He then applied to Messrs. Thurston & Hall, the attorneys for the grain company, and said he had enough of law and wanted to settle. A settlement was thereupon agreed upon, the Grain Company surrendering the undertaking for an injunction, and taking an assignment of certain mortgages for the sum of

$616.00, and of certain rents to become due amounting to $360.00, the plaintiff paying the remainder in cash, and taking an assignment of the decree to himself. Armed with this assignment, he obtained from Jetter secured notes for one-half of the deficiency, the plaintiff claiming that he and Jetter were merely sureties for Weymuller. After this settlement and contribution from Jetter, the plaintiff filed a petition in error in the supreme court to reverse the decree of the district court awarding execution for the deficiency. The attorneys for the defendant now file affidavits setting forth the above facts as to a compromise and settlement of the controversy, and move to dismiss the proceedings in error. To these affidavits the plaintiff files others in reply, denying certain legal conclusions therein stated, but failing to deny the facts alleged. Objection is now made that these facts are set forth by affidavit, and not by plea.

Matters arising since the rendition of the judgment, which operate as a waiver or release of errors, should be pleaded, and to the plea thus made the adverse party may file a reply. But when such facts are set up by affidavit and no objection is made on that ground, it is too late to object on the hearing to the form of procedure.

The second question presented for our consideration is as to the character of the transaction between the plaintiff and the defendant. Was it a mutual compromise, and binding upon the parties? Compromise is defined as "an agreement made between two or more parties as a settlement of matters in dispute between them." 1 Bouv. Law Dict., 308. In this case the grain company surrendered the undertaking in the injunction proceedings to the plaintiff, and accepted from him part payment of the decree in mortgages and other claims, and at his request assigned

The State v. Furnas County.

to him the decree in question, and all this was done under an agreement that the settlement was to be final. Can he now, after receiving and retaining the benefits of the settlement, repudiate the same, and proceed in this court to have the decree of the district court awarding execution reviewed? We think not. Nor does the fact that the sheriff had levied on the plaintiff's goods make any difference. Had he been compelled to pay the amount due on the execution in cash in order to release the levy he would not be precluded from prosecuting a petition in error in this court. But having, under the pretext of a settlement, induced the creditor to surrender advantages, and accept payment of nearly one-half of the claim in notes and claims, and make an assignment of the decree to him, he is not in a position to insist upon errors in the order awarding execution. The prevention of litigation is a sufficient consideration for a compromise, and the court will not inquire into the character and value of the different claims, where there is no fraud, for the purpose of setting aside the settlement. The motion to dismiss the proceedings in error is sustained.

JUDGMENT ACCORDINGLY.