RICHARD L. ASHBY, APPELLEE, V. CIVIL SERVICE COMMISSION OF
DOUGLAS COUNTY, NEBRASKA, ET AL., APPELLANTS.
492 N.W.2d 849

Filed December 4, 1992.    No. S-90-149.

Ronald L. Staskiewicz, Douglas County Attorney, and Edwin T. Lowndes for appellants.

M.H. Weinberg, of Weinberg & Weinberg, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a district court decision which reversed and vacated the findings and order of the Civil Service Commission of Douglas County (the Commission). The Commission had upheld a decision by the managing engineer for the Douglas County engineer's office to discipline appellee, Richard L. Ashby, for taking an excessive lunch break.

By the summer of 1989, Ashby had been a civil service employee for over 20 years as a heavy equipment operator in the Douglas County engineer's office. On July 25, 1989, Ashby allegedly took a lunch break in excess of the union contract allotted time. As a consequence of this contract violation, the supervising managing engineer sent a letter to Ashby on August 3. The letter notified Ashby that he was to be disciplined for being in neglect of duty because he took an excessive lunch break. The letter informed Ashby that he was thereby suspended for 10 days without pay effective August 14 through August 25, 1989, and that he was also being placed on 6 months' probation effective August 28.

Pursuant to Neb. Rev. Stat. § 23-2511 (Reissue 1987), Ashby appealed the disciplinary order on August 11. He requested that any hearing before the Commission be delayed until sometime after his scheduled return from vacation on August 24. The Commission heard the appeal on September 21 and upheld the disciplinary decision by a 2-to-2 split vote.

Ashby timely filed a petition in error with the district court for Douglas County to review the Commission's order. In his petition, Ashby alleged for the first time that the engineer's office violated his due process rights. The due process claim, based on the U.S. Supreme Court decision in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985), asserted that before Ashby could be

disciplined, he had the right (1) to be notified of the disciplinary action, (2) to have knowledge as to the specifics of the charges so as to have an effective right to rebut them, and (3) to present his side after a reasonable time to develop his case.

Applying both state and federal constitutional law, the district court found that due process mandated a predisciplinary hearing in which Ashby was to be given a simple opportunity to respond to both the notice of the charges against him and the nature of the employer's evidence, as well as an opportunity to present his side of the story. The court concluded, based on the record, that the engineer's office had failed to provide Ashby with a *Loudermill* predisciplinary hearing and that the Commission had committed error by failing to maintain these due process rights for Ashby. Accordingly, the court reversed the decision of the Commission and vacated the suspension order. The Commission filed a motion to reconsider, which was subsequently overruled, and this appeal followed.

The Commission summarily asserts that the district court order should be reversed and vacated because the court erred in (1) not sustaining the Commission's order after finding that the Commission had jurisdiction and that the findings of the Commission were supported by the record, (2) making independent findings of fact on a petition in error, and (3) finding the employee was denied due process because he was denied a presuspension hearing.

In reviewing an administrative agency decision on a petition in error, "both the district court and the Supreme Court review the decision of the administrative agency to determine whether the agency acted within its jurisdiction and whether the decision of the agency is supported by sufficient relevant evidence." *Wagner v. City of Omaha*, 236 Neb. 843, 844, 464 N.W.2d 175, 178 (1991). Accord *Olson v. City of Omaha*, 232 Neb. 428, 441 N.W.2d 149 (1989). The reviewing court in an error proceeding is restricted to the record before the administrative agency and does not reweigh evidence or make independent findings of fact. *Wagner v. City of Omaha, supra; Olson v. City of Omaha, supra; Coffelt v. City of Omaha*, 223 Neb. 108, 388 N.W.2d 467 (1986).

The Commission's first assignment of error relies on two district court findings: that the Commission acted within its statutory jurisdiction even though the hearing was not conducted within 2 weeks after the notice of appeal as provided by § 23-2511 and that the record contained sufficient evidence to support the Commission's finding that the disciplinary action was warranted. The Commission argues that, having made these two determinations, the district court was required to affirm the Commission's order based on the court's limited scope of review. We find this argument to be without merit. This reasoning ignores the complete findings of the lower court and too quickly disposes of the jurisdictional limitations of an administrative agency.

The jurisdiction of a proceeding before an administrative agency is restricted not only by the language of its enabling statutes, but also by the mandates of the state and federal Constitutions. The district court's determination that the actions of the Commission were permissible within the statutory language of § 23-2511 was only the beginning of the jurisdictional inquiry and was not wholly dispositive of the review on which the Commission hopes to rely. As we have previously recognized, a court reviewing " 'an order of an administrative agency [must] determine whether there has been due process of law; and this includes an inquiry into the jurisdiction of the agency, whether there was reasonable notice and an opportunity for fair hearing, and whether the finding was supported by evidence.' " *In re Appeal of Levos*, 214 Neb. 507, 511, 335 N.W.2d 262, 266 (1983).

The second alleged error claims that the district court improperly made independent findings of fact when, for the first time, on appeal to the district court, Ashby raised the issue that the engineer's office deprived him of due process by not affording him a presuspension hearing. The Commission argues that by failing to present a complaint or allegation of a due process violation at the hearing before the Commission, Ashby was precluded from raising the claim for the first time on a petition in error. The Commission relies on case law which holds that existing constitutional issues not raised before a trial *court* cannot later be asserted on appeal.

We have previously recognized instances where an appeal from an administrative agency to a judicial tribunal may raise constitutional issues for the first time. In *Metropolitan Utilities Dist. v. Merritt Beach Co.*, 179 Neb. 783, 140 N.W.2d 626 (1966), the objectors questioned the constitutionality of a legislative act for the first time in their direct appeal to the Supreme Court from an order of the director of water resources. We noted that "the power to declare an act of the Legislature unconstitutional is a judicial power reserved solely to the courts under the division of powers between the legislative, executive, and judicial branches of government set forth in the Nebraska Constitution." *Id.* at 791, 140 N.W.2d at 632. We concluded by holding that

> in an appeal from an order of an administrative agency direct to the Supreme Court, the question of constitutionality of the act, under which the administrative agency assumes its authority, can be first raised in the Supreme Court since it is the first time afforded to raise such an issue before a judicial tribunal.

*Id.* at 792, 140 N.W.2d at 633.

The rule on administrative waiver of claims later raised before the courts is a flexible one. See *Rana v. U.S.*, 812 F.2d 887 (4th Cir. 1987) (citing with approval Kenneth C. Davis, Administrative Law Text, *Exhaustion* § 20.06 (3d ed. 1972)). When an administrative statute expressly provides that objections not urged before an administrative agency may not be considered by the reviewing court, courts have barred the argument presented for the first time on review. See, *Swaggart Ministries v. Cal. Bd. of Equalization*, 493 U.S. 378, 110 S. Ct. 688, 107 L. Ed. 2d 796 (1990); *Power Plant Div., Brown & Root v. O. S. H. R. C.*, 673 F.2d 111 (5th Cir. 1982). However, even in the presence of such express statutory language, the court may permit review if the circumstances are novel, are extraordinary, or compel a flexible application based on overriding public policy. See, *Swaggart, supra*; *Rana, supra*.

The Commission does not argue that this appeal is restricted by express statutory language which bars objections on appeal if not properly raised at the administrative agency. A plain reading of § 23-2511 and Neb. Rev. Stat. §§ 23-2515 (Reissue

1991) and 25-1901 to 25-1908 (Reissue 1989), which govern the appeal process from a county commission, does not reveal an express or implied legislative intent to limit objections on appeal to those claims presented to the administrative tribunal. Furthermore, although appeals through administrative channels are preferred and encouraged, procedural due process defenses should not be waived if timely raised in the first judicial tribunal to review the administrative action. See, generally, *In re Appropriations D-887 and A-768*, 240 Neb. 337, 482 N.W.2d 11 (1992) (noting the practice of this court to consider constitutional questions when raised on direct appeal to the Supreme Court). See, also, *Abbott v Howard*, 182 Mich. App. 243, 451 N.W.2d 597 (1990), *appeal denied* 436 Mich. 874, 461 N.W.2d 210.

We recently noted that " 'once the record discloses that those elements of due process existed with respect to the findings and action of an administrative agency or tribunal, further judicial action is neither permissible nor required.' " *Geringer v. City of Omaha*, 237 Neb. 928, 935, 468 N.W.2d 372, 377 (1991) (quoting *States v. Anderson*, 219 Neb. 545, 364 N.W.2d 38 (1985)). However, when evidence of the requisite due process procedures is absent from an administrative record, the first judicial tribunal to hear the appeal may review the constitutionality issue.

Contrary to the Commission's assertions, the presuspension due process review conducted by the district court neither addressed new evidence nor reweighed the credibility of the evidence offered at the hearing. Rather, the lower court simply reviewed the pleadings, testimony, and exhibits which were before the Commission at the initial hearing. From these records, the district court determined that there was no showing that prior to the 10-day suspension, Ashby had been given either oral or written notice of the charges against him or of the nature of the employer's evidence, nor had Ashby been advised that he had an opportunity to present his side of the story.

The Commission's third assignment of error alleges that even if the due process issue was properly before the district court, the court erroneously determined that Ashby was denied due process because the engineer's office failed to give him a

presuspension hearing. The U.S. Supreme Court addressed the necessary due process requirements for a termination of an employee's property interest in continued employment in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). Although the *Loudermill* decision pertained to a termination, instead of a temporary suspension, of a public employee, a temporary suspension may be a sufficient deprivation to invoke the same constitutional considerations. See, e.g., *Bailey v. Kirk*, 777 F.2d 567 (10th Cir. 1985). Article 12 of the collective bargaining agreement between the Commission and Ashby's local union states that "[d]isciplinary action may be imposed on an employee only for just cause," and then it defines the disciplinary procedures to be followed. The language of the agreement, therefore, established that Ashby had a state-created property interest entitling him to maintain continuous employment in the absence of sufficient reason.

The essential requirement of the due process clause is that " 'an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.' " (Emphasis in original.) *Loudermill*, 470 U.S. at 542 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971)). When state-created property interests in continued employment are involved, due process requires that an employee be "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546.

We concur with the district court's judgment that the record fails to indicate that Ashby was given a *Loudermill* hearing prior to his suspension. The language of the August 3 letter does not offer an explanation of the evidence against Ashby, nor does it give Ashby an opportunity to present his side of the story prior to his suspension. At the hearing before the Commission, the managing engineer for the engineer's office testified that he had directed another employee to discuss the excessive lunch break with Ashby. However, as conceded by the Commission at oral argument, neither the record nor the Commission's witnesses could verify when or if this alleged presuspension

hearing took place. Assuming that the Commission chose to believe that an informal meeting did occur, the substance and extent of the conversation are completely absent from the record.

Based on the record which was before the Commission, we conclude that Ashby was denied a presuspension hearing in violation of his due process rights as defined in *Loudermill, supra*. Finding none of the assignments of error asserted by the Commission to be meritorious, we affirm the judgment of the district court in all respects.

AFFIRMED.