2301 LEAVENWORTH, INC., DOING BUSINESS AS J & B BAR, APPELLEE, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.
505 N.W.2d 708

Filed October 1, 1993.   No. S-91-463.

Don Stenberg, Attorney General, and Marie C. Pawol for appellant.

Michael J. Lehan, of Kelley & Lehan, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

The Nebraska Liquor Control Commission suspended the license of 2301 Leavenworth, Inc., doing business as J & B Bar, for serving alcohol to an already intoxicated person. The district court reversed the suspension, and the commission brought this appeal. We affirm the district court's judgment.

On the evening of April 11, 1990, Officer Michael Teply of the Omaha Police Division looked through the front window of the J & B Bar and saw Brian Beeman sip a beer. Teply entered the bar and determined that Beeman was intoxicated. Teply cited the bartender for serving alcohol to an already intoxicated person, but the city prosecutor later dismissed the charge.

On June 15, the commission charged the bar with selling or dispensing "alcoholic liquors" to an intoxicated individual, in violation of 237 Neb. Admin. Code, ch. 6, § 019.01N (1989). On July 12, the commission held a hearing. On July 24, the commission found the charge to be proved and ordered the bar's license suspended for 3 days. The bar applied to the commission for rehearing, but the rehearing was denied.

The bar timely filed a petition in error with the district court for Lancaster County to review the commission's order. The district court reversed the order, holding that the rule exceeded the commission's statutory rulemaking authority and that the commission's decision was unsupported by the evidence. The commission then sought review in this court.

Final decisions and orders of the commission are reviewed as

proceedings in error. See Neb. Rev Stat. § 53-1,116(1) (Supp. 1989). In proceedings in error, the reviewing court determines whether the commission acted within its jurisdiction and whether there is sufficient evidence as a matter of law to support its decision. *Ashby v. Civil Serv. Comm.*, 241 Neb. 988, 492 N.W.2d 849 (1992). The reviewing court considers only the record before the administrative agency and does not reweigh evidence or make independent findings of fact. *Id.*

The commission found that the bar "did . . . sell or dispense alcoholic liquors" to an already intoxicated person, "in violation of 237-LCC6-019.01N of the Rules and Regulations of the Nebraska Liquor Control Commission." That rule provides in pertinent part: "No licensee or partner, principal, agent or employee of any licensee shall sell, dispose, furnish or allow possession of alcoholic beverages on the licensed premise to any person who has become intoxicated and/or incapacitated by the consumption of alcoholic beverages." § 019.01N.

The record clearly reflects, and the bar does not contest, that Beeman was intoxicated. Teply testified that Beeman's speech was slurred, that he staggered when he walked, and that he "kind of held on to the wall." When Beeman was taken outside by the officer, "he lost his balance, crashed into the side of the building, then he just slid down the side of the building and just sat there in a drunken stupor and at that time he was helped to the police car and transported home."

Beeman's condition notwithstanding, there is no evidence that the bartender sold or dispensed alcohol to him. Both Teply and the bartender, George Ost, testified before the commission. Neither one asserted that the bartender had served Beeman.

The bartender testified to the events immediately preceding Teply's entrance into the bar. According to the bartender, approximately 20 patrons were in the bar that night. One of the patrons was playing "pickles," a game of chance. The patron won $250 and ordered a round of drinks for everyone in the bar. Another patron, who had been sitting at a table, approached the bar and ordered two beers. The bartender "set up" drinks for everyone, placing the two beers at the end of the bar closest to the door. The bartender testified that Beeman was not in the

bar at this time. Three people entered the bar, but the bartender refused to serve them because they were drunk. Beeman was not one of these three people. After collecting for the round from the winning patron, the bartender noticed Beeman sitting at the end of the bar where the two beers had been placed. Beeman was talking to the patron who had ordered the two beers. The bartender testified that he did not serve Beeman and that he did not see Beeman sip the beer.

Teply testified that while on patrol, he looked through the front window of the bar and observed Beeman sitting at the bar. Teply saw Beeman drink from a beer. Teply did not see the bartender serve Beeman.

At oral argument, the commission contended that the bar also violated the rule in question by allowing Beeman to possess alcohol. The offense of "allowing possession" was not charged, was not ruled on by the commission, was not raised on appeal, and was not briefed. We therefore decline to discuss it.

The record is void of any testimony establishing that the bartender sold or dispensed alcoholic beverages to Beeman. Accordingly, we find that the decision of the commission is not supported by sufficient relevant evidence. Because the commission's case fails on the evidence, we do not reach the issue of the commission's statutory rulemaking authority.

AFFIRMED.