LUET, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS CLYDE'S PARKWAY LOUNGE, APPELLEE, v. THE CITY OF OMAHA, A MUNICIPAL CORPORATION, AND THE CITY COUNCIL OF THE CITY OF OMAHA, APPELLANTS.

530 N.W.2d 633

Filed April 21, 1995.   No. S-93-568.

Herbert M. Fitle, Omaha City Attorney, and Thomas O. Mumgaard for appellants.

Leroy Rogers for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

Luet, Inc., which operates Clyde's Parkway Lounge in Omaha, Nebraska, brought a petition in error against the City of Omaha, the city council of the City of Omaha, and the Nebraska Liquor Control Commission (Commission). Luet sought review of the decision of the city council which denied Luet's application for renewal of its class C retail liquor license. The Commission was subsequently dismissed from the action. In its order, the district court held that the city council had not followed the proper procedure to challenge the license renewal and ordered that Luet be allowed to continue to operate its business for the 1992–93 liquor license year. The city and the city council appeal.

## SCOPE OF REVIEW

Petition-in-error jurisdiction is limited by statute to a review of a judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court. *Kropp v. Grand Island Pub. Sch. Dist. No. 2*, 246 Neb. 138, 517 N.W.2d 113 (1994).

## FACTS

Luet was first issued a class C liquor license in 1989. The license had been renewed under the automatic renewal provisions of the Nebraska Liquor Control Act for each subsequent year, including the license year of November 1, 1992, to October 31, 1993. On October 26, 1992, Luet, via one of its stockholders, received a letter from the Omaha city clerk

notifying Luet that complaints had been received about criminal activity and disruptions caused in the vicinity of the lounge operated by Luet. The letter stated that the city council would hold a hearing the next day with regard to a resolution which would request that the Commission require Luet to submit a formal application to renew its license for the 1992–93 license year. At the October 27 hearing, the city council passed just such a resolution. On October 28, the Commission sent Luet a certified letter directing Luet to file a formal application known as a long–form application. Luet submitted the application to the Commission on December 2. The application was forwarded by the Commission to the city clerk on December 3 for action by the city council. At a hearing held on December 22, the city council adopted a resolution denying Luet's application.

Luet filed a petition in error in the district court, alleging that the city council erred in instituting a procedure which required Luet to file a long–form application when Luet had already been issued its 1992–93 liquor license under the automatic renewal provisions of Neb. Rev. Stat. §§ 53–135 and 53–135.02 (Reissue 1993). The district court noted that Luet's 1992–93 liquor license had automatically been renewed under §§ 53–135 and 53–135.02 at or about the same time that the city council, at its October 27 meeting, adopted a resolution requesting the Commission to require Luet to file a long–form application. The district court found that under the renewal privileges established by law, a licensee is entitled to renewal of a liquor license if, at the time for renewal, the licensee meets the requirements which existed when the license was initially issued. The court found that the city council's request that the Commission require Luet to file a long–form application was not timely, since the hearing was held less than 4 days prior to the expiration of the liquor license, and that the untimely request was not sufficient to stop the issuance of the license or to nullify the license which had already been issued. The court held that the city council's action in denying renewal of the liquor license was contrary to law and not supported by the evidence and that the nonrenewal of the license should be reversed and set aside.

## ASSIGNMENTS OF ERROR

In summary, the city and city council claim that the district court erred in its application of the law to the facts, in its determination of the proper procedure for challenging renewal of a liquor license, and in its not finding that the evidence supported the city council's decision to deny renewal of Luet's liquor license.

## ANALYSIS

We begin by noting the scope of our review. In cases arising under the Nebraska Liquor Control Act, our review is ordinarily by appeal, which means the decision of the Commission is reviewed de novo on the record. See *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994). However, this action was filed in the district court as a petition in error under Neb. Rev. Stat. § 25-1901 (Reissue 1989). In this case, the filing of a petition in error properly invoked the jurisdiction of the district court.

"Petition-in-error jurisdiction is limited by statute to a review of '[a] judgment rendered or final order . . . made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court.' " *Kropp v. Grand Island Pub. Sch. Dist. No. 2*, 246 Neb. 138, 140, 517 N.W.2d 113, 115 (1994). The review sought in this case is a review of the action of the city council, which is a tribunal inferior in jurisdiction to the district court. In reviewing a decision based on a petition in error, an appellate court determines whether the inferior tribunal acted within its jurisdiction and whether the inferior tribunal's decision is supported by sufficient relevant evidence. See *Ashby v. Civil Serv. Comm.*, 241 Neb. 988, 492 N.W.2d 849 (1992).

We next point out that we have held on more than one occasion that the Nebraska Liquor Control Act was unconstitutional. For example, in *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988), we declared that 1986 Neb. Laws, L.B. 911, which granted local governing bodies the option of making binding recommendations to the Commission concerning the approval or denial of liquor licenses, was unconstitutional and that the entire enactment was

unenforceable. In *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993), we held that 1989 Neb. Laws, L.B. 781, passed by the Legislature in an attempt to cure earlier defects in the Nebraska Liquor Control Act, was unconstitutional.

As a result of these decisions, the applicable liquor license renewal statute is § 53-135 (Reissue 1984). Pursuant to this statute, a license may automatically be renewed by the Commission without formal application. Here, although the city council adopted a resolution denying Luet's application to renew its liquor license, the Commission had previously renewed Luet's license for the 1992-93 license year. We therefore address the effect of the city council's December 22, 1992, decision, which purported to deny Luet's application to renew its liquor license.

In the bill of exceptions, exhibit 1 is the transcript of proceedings, testimony, and evidence of the city council's December 22, 1992, hearing concerning Luet's application to renew its liquor license for the 1992-93 license year. The resolution of the city council provides:

> [I]n accordance with the provisions of the Nebraska Liquor Control Act, as amended, after a hearing held within 45 days after receipt of a notice and copy of the license application and upon due consideration of all standards and criteria provided by law, this Council hereby denies the following application for an On and Off Sale Beer and Alcoholic Liquor retail license (Class C) for the licensing year ending October 31, 1993.

The district court correctly pointed out that the city council was trying to revoke or cancel Luet's liquor license under the guise of taking action on renewal of the license. The city council had no authority to act in this manner. The license, which had been renewed by the Commission pursuant to § 53-135 (Reissue 1984), could not be revoked by the city council.

If the city council desired to cancel or revoke Luet's liquor license, the council should have followed the provisions of Neb. Rev. Stat. § 53-134 (Reissue 1984), which gives a local governing board the authority to cancel or to revoke a liquor license. However, the statute requires that the governing board

follow a multistep process. Any cancellation or revocation would then be subject to the right of appeal to the Commission. A decision by the Commission in turn could be appealed to the district court for Lancaster County pursuant to Neb. Rev. Stat. § 53-1,116 (Reissue 1984). It is clear that the city council did not follow the procedure outlined in § 53-134. Because the city council had no authority with regard to the automatic renewal of Luet's liquor license, the decision of the city council denying Luet's application to renew its license is of no force and effect.

The district court, relying upon the Nebraska Liquor Control Act as it existed in 1992, held that the city council's action in denying renewal of the license was contrary to law. The court stated that *Kwik Shop v. City of Lincoln, supra,* which invalidated the 1989 amendment to the liquor control laws, did not control in this case. We disagree. However, the district court reached the correct result in finding that the city council's denial of Luet's application to renew its liquor license should be reversed.

When the record demonstrates that the decision of the trial court is correct, although such correctness is based on different grounds from those assigned by the trial court, an appellate court will affirm. *In re Estate of Trew,* 244 Neb. 490, 507 N.W.2d 478 (1993). Luet was entitled to continue to operate with the class C liquor license issued by the Commission for the 1992–93 license year. We therefore affirm the judgment of the district court.

AFFIRMED.