SGT. GEORGE F. COX AND FRATERNAL ORDER OF POLICE, LODGE NO. 8, APPELLANTS, V. DOUGLAS COUNTY CIVIL SERVICE COMMISSION, APPELLEE.

577 N.W. 2d 758

Filed April 7, 1998.   No. A-96-788.

Thomas J. Wik for appellants.

James S. Jansen, Douglas County Attorney, and Christine A. Lustgarten for appellee.

HANNON, IRWIN, and MUES, Judges.

HANNON, Judge.

Sgt. George F. Cox and Fraternal Order of Police, Lodge No. 8 (Lodge), appealed to the district court by petition in error from an order of the Douglas County Civil Service Commission (Commission) denying Cox's grievance. The district court dismissed that appeal after sustaining a demurrer to Cox and the Lodge's amended petition in error. We conclude that a petition for an appeal from the Commission by petition in error must set forth the errors complained of, as distinguished from facts sufficient to state a cause of action as required for ordinary petitions filed in district court. See Neb. Rev. Stat. §§ 25-804 and 25-806 (Reissue 1995). We conclude that a demurrer is improper in an error proceeding and that the action of the court below in dismissing the petition as demurrable is error requiring the cause to be remanded for a hearing on the merits of the alleged errors.

## BACKGROUND

On January 17, 1996, Cox and the Lodge filed what they entitled a "Petition in Error (Equity)." The petition contained what might be called a summary of the facts which Cox and the Lodge believed entitled them to the relief they sought through the grievance procedure instituted before the Commission, a copy of the grievance procedure steps, and a copy of the order that resulted from that procedure. The petition also alleged that

the order was erroneous because it was (1) contrary to the labor agreement, (2) contrary to the evidence, (3) contrary to law, and (4) arbitrary and capricious. Cox and the Lodge prayed that the court vacate the Commission's order and order the Commission to uphold the terms of the labor agreement.

A notice of appeal and praecipe for transcript was filed with the petition. In due time, the clerk of the district court filed a transcript and a stenographically recorded and transcribed record of the December 20, 1995, hearing of the Commission from which the order resulted. However, the district court disposed of the case by sustaining the Commission's demurrer, and therefore, there was no evidentiary hearing in the district court. In *Olsen v. Grosshans*, 160 Neb. 543, 71 N.W.2d 90 (1955), the Supreme Court noted that the stenographically reported and transcribed record was not offered in evidence and that there was no bill of exceptions. As such, the court stated that any discussion of the contents of the record would serve no purpose. We therefore will not review the contents of the transcribed record even though it was filed with the clerk.

The Commission filed a demurrer "pursuant to Neb. Rev. Stat. §25-806 et seq. [(Reissue 1995)]," alleging there was a defect of parties and that the petition did not state facts sufficient to constitute a cause of action. After a hearing, the trial court sustained the demurrer and found, "Plaintiff has failed to state facts sufficient to support a cause of action, to-wit: That the Douglas County Civil Service Commission's failure to strictly comply with the time guidelines as set out in the labor agreement caused a deprivation which resulted in some harm to the Plaintiff." Cox and the Lodge were given 10 days to amend their petition. Cox and the Lodge filed an amended petition with a new allegation to the effect that as a result of the Commission's failure to act in a timely fashion, Cox has suffered, and will continue to suffer, damage as a result of lost wages and rank. A new demurrer was filed and sustained, and the case was dismissed.

## ASSIGNMENT OF ERROR

Cox and the Lodge allege the district court erred in sustaining the demurrer, because the amended petition did not contain

a defect of parties and the petition stated facts sufficient to state a cause of action.

## STANDARD OF REVIEW

For petitions in error, the standard of review in the district court and this court is as follows: "Petition-in-error jurisdiction is limited by statute to a review of '[a] judgment rendered or final order . . . made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court.'" *Kropp v. Grand Island Pub. Sch. Dist. No. 2*, 246 Neb. 138, 140, 517 N.W.2d 113, 115 (1994). In reviewing a decision based on a petition in error, an appellate court determines whether the inferior tribunal acted within its jurisdiction and whether the inferior tribunal's decision is supported by sufficient evidence. See, *Luet, Inc. v. City of Omaha*, 247 Neb. 831, 530 N.W.2d 633 (1995); *Ashby v. Civil Serv. Comm.*, 241 Neb. 988, 492 N.W.2d 849 (1992).

The questions presented by this appeal are strictly questions of law, and on questions of law, an appellate court has an obligation to reach a conclusion independent from the trial court's conclusion. *State v. Champoux*, 252 Neb. 769, 566 N.W.2d 763 (1997); *Fiese v. Sitorius*, 247 Neb. 227, 526 N.W.2d 86 (1995). As explained below, a legal issue determines the outcome of this appeal.

Counsel for both parties and the trial court apparently misunderstand the relationship of the statutes on pleading in civil cases and the statutes providing for appeals by petition in error. We say this because the petition in error contains the designation "(Equity)," the Commission demurred to the petition under § 25-806 et seq., the trial court sustained that demurrer, and Cox and the Lodge's counsel argued that the petition did state a cause of action and cited authority that would be relevant if the petition was filed in a civil action. At oral argument, Cox and the Lodge's attorney argued for the first time that a demurrer was not a proper pleading in an error proceeding. The Commission continues to maintain the demurrer was properly sustained. We are unable to consider the substantive issues argued by the parties because not only is a demurrer not a proper pleading to a petition in error, but also since the case was

disposed of upon a demurrer, we have no bill of exceptions giving us the evidence necessary to consider any of the issues argued in the parties' briefs. We must remand the cause to the district court for further proceedings. Our reasons for this conclusion are given in the next section of this opinion.

## DISCUSSION

Neb. Rev. Stat. § 25-1903 (Reissue 1995) provides: "The proceedings to obtain such reversal, vacation or modification [of orders issued by tribunals inferior to the district court] shall be by petition entitled petition in error . . . setting forth the errors complained of . . . ." The Commission relies on § 25-806, which provides a defendant may demur to the petition "only when it appears on its face . . . (4) that there is a defect of parties . . . (6) that the petition does not state facts sufficient to constitute a cause of action." That statute must be read in light of the rules of pleading in civil actions in trial courts. For instance, Neb. Rev. Stat. § 25-801 (Reissue 1995) provides that pleadings are written statements of the facts constituting the parties' claims and defenses; Neb. Rev. Stat. § 25-803 (Reissue 1995) states which pleadings are allowed, that is, a petition, an answer, and replies and demurrers to them. Section 25-804 provides what a petition must contain, and Neb. Rev. Stat. § 25-811 et seq. (Reissue 1995) state what an answer must contain.

The appeal in this case is brought under article 19 of chapter 25 of the Nebraska Revised Statutes, and there is no provision in that article for a demurrer in an error proceeding. We point out that a demurrer to a petition in error is no more valid than a demurrer to the assignments of error in a brief. A demurrer accomplishes no more than a simple argument that the errors assigned in the petition in error are not errors. Section 25-1903 provides in significant part: "The proceedings to obtain such reversal, vacation or modification shall be by petition entitled petition in error . . . setting forth the errors complained of . . . ." A petition, enumerating the errors relied upon for reversal, must be filed. *Lean v. Andrews*, 38 Neb. 656, 57 N.W. 401 (1894). An answer or other pleading by a defendant in error can have no function other than to advise the court of events that have occurred after the order appealed from, such as

acceptance of benefits. See, *Gray v. Smith*, 17 Neb. 682, 24 N.W. 340 (1885); *Treischke v. Western Grain Co.*, 10 Neb. 358, 6 N.W. 427 (1880).

■ The Supreme Court has said:

"In an error proceeding in the district court, that court must look to the transcript of the proceedings of the [inferior tribunal] filed with the petition in error to ascertain what happened there." Such a proceeding is ordinarily tried on the appropriate and relevant questions of law, set out in the petition in error and appearing in the transcript.

*In re Estate of Vance*, 149 Neb. 220, 223, 30 N.W.2d 677, 680 (1948), quoting *In re Estate of Berg*, 139 Neb. 99, 296 N.W. 460 (1941).

■ The Supreme Court has also held that in an error proceeding the sufficiency of the evidence could not be considered unless all material, relevant evidence was contained in the bill of exceptions and the transcript showed an error prejudicial to the petitioner in error. See *In re Estate of Berg, supra*. The Supreme Court in *Olsen v. Grosshans*, 160 Neb. 543, 547, 71 N.W.2d 90, 95 (1955), said: "[N]othing can be added to or taken from the record by simple averment in a petition in error, and extrinsic facts pleaded therein do not form part of the record in which an order is sought to be reversed."

Without some study of *Olsen*, the requirement of a bill of exceptions is possibly misleading. For instance, in the case at hand we have a stenographic record of the hearing before the Commission which includes the exhibits offered at that hearing. The record is certified by someone purporting to be a notary and an "RPR." The record was filed by the clerk of the district court. If this proceeding was an appeal from the county court, the bill of exceptions made in the county court would not need to be made a part of a bill of exceptions in the district court. See Neb. Rev. Stat. § 25-2733 (Reissue 1995). The record we have before us is what the *Olsen* court referred to as a "stenographically reported and transcribed record," 160 Neb. at 547, 71 N.W.2d at 95, but it was not offered and received in evidence and hence, is not part of the bill of exceptions of the case. Probably because of the nature of the proceedings in all tribunals inferior to a district court, the offer and receipt of a tran-

scribed record into evidence in district court has always been thought to be a necessary step to ensure the accuracy of the record of those proceedings. At any rate, under *Olsen*, the record clearly must be made a part of the bill of exceptions to be utilized by the district court or this court. Since in the instant case the document is not part of the bill of exceptions, we follow the lead of the *Olsen* court and do not summarize the record which might well have been admissible if it had been offered and received as evidence.

We therefore conclude that the district court improperly dismissed the case upon a demurrer, which had the effect of denying Cox and the Lodge a hearing, and more importantly, it denied them an opportunity to make a bill of exceptions. Accordingly, we reverse the order of the district court dismissing the petition in error and remand the cause with directions to hold a hearing on the errors alleged in the petition in error.

REVERSED AND REMANDED WITH DIRECTIONS.