276 Neb. 40
DANIEL J. NIEMOLLER, APPELLANT,
v.
CITY OF PAPILLION, APPELLEE.
No. S-07-893.
Supreme Court of Nebraska.
Filed July 3, 2008.
Leanne A. Gifford, of Scheldrup, Blades, Schrock, Sand & Aranza, P.C., for appellant.
Michaelle L. Baumert and Monica K. Hoppe, of Husch, Blackwell & Sanders, L.L.P., for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
The issue presented in this appeal is whether compliance with the claim requirement of Neb. Rev. Stat. § 16-726 (Reissue 1997) is a condition precedent to an action against a city of the first class under the Nebraska Wage Payment and Collection Act (NWPCA), Neb. Rev. Stat. §§ 48-1228 to 48-1232 (Reissue 2004). We conclude that it is.

BACKGROUND
Daniel J. Niemoller commenced this action against the City of Papillion, Nebraska, in the district court for Sarpy County on February 23, 2007. He alleged that he was an employee of the city until August 11, 2006, and that the city had failed to compensate him for certain wages earned prior to the termination of his employment. In his complaint, Niemoller alleged that he served notice of his claim on the city on or about December 4, 2006.
The city denied this allegation and affirmatively alleged that Niemoller failed to comply with the procedural prerequisites of § 16-726. That statute applies to cities of the first class, and provides in part that la's a condition precedent to maintaining an action for a claim, other than a tort claim as defined in section 13-903, the claimant shall file such claim within ninety days of the accrual of the claim in the office of the city clerk."
After filing its answer, the city moved for summary judgment. At a hearing on its motion, the city offered and the court received an affidavit of the city clerk stating that Niemoller had never filed a claim for unpaid wages with her office. The court also received the affidavit of Dan Hoins, the city administrator. Hoins averred that Papillion was a city of the first class and that on December 4, 2006, he received a letter from Niemoller's attorney, asserting a claim for unpaid sick leave alleged to constitute "wages" under the NWPCA. Hoins further averred that he did not provide a copy of the letter to the city clerk and that the "offices of the Papillion City Administrator and the Papillion City Clerk are separate offices with different responsibilities." In opposition to the motion, Niemoller offered and the court received Hoins' deposition; a copy of Niemoller's attorney's letter to Hoins dated December 1, 2006, asserting his unpaid wage claim; and a letter from the city's insurance administrator denying coverage for Niemoller's claim. In his deposition, Hoins testified that the city clerk is one of his subordinates but does not report directly to him.
The district court granted the city's motion for summary judgment. The court determined that Niemoller was required by § 16-726 to file his claim with the city clerk within 90 days of its accrual and that his attorney's letter to the city administrator did not satisfy this requirement. Accordingly, the court dismissed Niemoller's complaint. He perfected this timely appeal, which we moved to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state[1]

ASSIGNMENTS OF ERROR
Niemoller assigns, restated and consolidated, that the district court erred in (1) granting the city's motion for summary judgment, (2) finding he had to comply with § 16-726 in order to bring his NWPCA lawsuit, (3) failing to find that he substantially complied with § 16-726, and (4) failing to find that § 16-726 is unconstitutional under the Nebraska and U.S. Constitutions because it violates his equal protection rights, it is special legislation, it impairs his access to the courts, and it violates his substantive and procedural due process rights.

STANDARD OF REVIEW
[1] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[2]

ANALYSIS

WHAT DOES § 16-726 REQUIRE?
[2-4] Statutory language is to be given its plain and ordinary meaning.[3] An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[4] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[5] Section 16-726 provides:
All liquidated and unliquidated claims and accounts payable against a city of the first class shall: (1) Be presented in writing; (2) state the name and address of the claimant and the amount of the claim; and (3) fully and accurately identify the items or services for which payment is claimed or the time, place, nature, and circumstances giving rise to the claim.
As a condition precedent to maintaining an action for a claim, other than a tort claim as defined in section 13-903, the claimant shall file such claim within ninety days of the accrual of the claim in the office of the city clerk.
The city clerk shall notify the claimant or his or her agent or attorney by letter mailed to the claimant's address within five days if the claim is disallowed by the city council.
No costs shall be recovered against such city in any action brought against it for any claim or for any claim allowed in part which has not been presented to the city council to be audited, unless the recovery is for a greater sum than the amount allowed with the interest due.
In this case, we are concerned with the second and fourth paragraphs of the statute. The plain language of the second paragraph states that filing a claim with the city clerk within 90 days of its accrual is a condition precedent to maintaining an action on the claim. We held in Crown Products Co. v. City of Ralston[6] that this language establishes a "procedural precedent to commencement of a claim" and that noncompliance is a defense which may be asserted by the city in a subsequent action. But Niemoller argues that the fourth paragraph of the statute contemplates an alternative procedure whereby "a claimant may file suit without having presented a claim to the city," with the only consequence being "forfeiture of recovering court costs on a successful claim."[7] The city counters that although "the cost provision contained in the fourth paragraph of the statute is not entirely clear as to when costs may be awarded in actions against cities, the ambiguity in the fourth sentence does not erase the certainty of the previous sentences."[8] We agree that the fourth paragraph of the statute creates an ambiguity, and we therefore consult legislative history to ascertain the intent of the Legislature.[9]
All four paragraphs of the current statute were included in 1990 Neb. Laws, L.B. 1044. The previous version of the statute required that certain claims against a city of the first class must be filed with the city clerk, but did not specify a time limit for such filing.[10] The principal introducer of L.B. 1044 stated that the purpose of the bill was to "improve the procedure" by providing a "specified time" for filing of claims with cities of the first class.[11] After the bill was advanced by the Committee on Urban Affairs, its chairman stated on the floor that the "principle substantial change" in L.B. 1044 was "the requirement that a claimant file a claim within 90 days of accrual of the claim with the city clerk as a condition precedent to maintain [an] action for the claim."[12] The legislative history is silent as to the fourth paragraph of the current § 16-726. Given the clarity in which the 90-day filing requirement is expressed in the second paragraph of the statute and its significance as reflected in the legislative history, we are unwilling to read the fourth paragraph of the statute as negating or providing an alternative to the requirement that a timely claim must be filed with the city clerk as a "condition precedent" to maintaining an action on the claim. We therefore adhere to our holding in Crown Products Co. that noncompliance with the filing requirement of § 16-726 may be asserted as a defense in an action to recover on a claim against a city of the first class. The city did so in this case, and we therefore examine the merit of its position.

DID NIEMOLLER SUBSTANTIALLY COMPLY WITH § 16-726?
Niemoller offered no evidence to contradict the statement in the city clerk's affidavit that "Niemoller has never filed a claim with the Papillion City Clerk's office asserting a wage claim against the City for unused sick leave related to his past employment." Instead, he argues that his claim letter submitted to the city administrator constituted substantial compliance with § 16-726.
The filing requirement imposed by § 16-726 is analogous to that of the Political Subdivisions Tort Claims Act,[13] in that both constitute a "procedural precedent" to commencement of a judicial action.[14] In those cases, we have applied a substantial compliance analysis when there is a question about whether the content of the required claim meets the requirements of the statute.[15] However, we have expressly and repeatedly held that if the notice is not filed with the person designated by statute as the authorized recipient, a substantial compliance analysis is not applicable.[16] We reach the same conclusion here. Because Niemoller did not file a claim with the city clerk, he did not comply with § 16-726.

CONSTITUTIONAL ISSUES
[5] A constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appea1.[17] In this case, the district court did not address the constitutionality of § 16-726, and the record does not reflect that it was presented with any constitutional issue. Niemoller did not challenge the constitutionality of § 16-726 in his complaint, and there is no indication that he sought leave to amend his complaint in order to raise the issue after the city asserted its noncompliance defense.
Prior to the hearing on the city's motion for summary judgment, Niemoller's counsel filed a "Notice of Service" stating Iplursuant to Neb. Rev. Stat. § 25-21,159, [Niemoller] has served Notice on the Attorney General of Nebraska of his intent to argue that Neb. Rev. Stat. § 16-726 is unconstitutional." The statute cited in this notice is a part of the Uniform Declaratory Judgments Act as enacted in Nebraska, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1995 & Cum. Supp. 2006), but the record does not reflect that Niemoller ever sought declaratory relief in this action. More importantly, the record does not reflect which, if any, of the constitutional arguments asserted in this appeal were actually presented to the district court. There was no mention of constitutional issues in the evidentiary portion of the summary judgment hearing, and the ensuing arguments were made off the record.
Because the record does not reflect that the constitutional issues asserted in this appeal were presented to or passed upon by the district court, we do not address them.

CONCLUSION
For the reasons discussed, we conclude that the district court did not err in granting the city's motion for summary judgment and dismissing the action. We therefore affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).
[2] Clark v. Clark, 275 Neb. 276, 746 N.W.2d 132 (2008); In re Ervin W Blauhorn Revocable Trust, 275 Neb. 256, 746 N.W.2d 136 (2008).
[3] In re Ervin W Blauhorn Revocable Trust, supra note 2; Zach v. Nebraska State Patrol, 273 Neb. 1, 727 N.W.2d 206 (2007).
[4] Id.
[5] Zach v. Nebraska State Patrol, supra note 3; Gilbert & Martha Hitchcock Found. v. Kountze, 272 Neb. 251, 720 N.W.2d 31 (2006).
[6] Crown Products Co. v. City of Ralston, 253 Neb. 1, 6, 567 N.W.2d 294, 297 (1997).
[7] Brief for appellant at 12, 14.
[8] Brief for appellee at 14.
[9] See, Knapp v. Village of Beaver City, 273 Neb. 156, 728 N.W.2d 96 (2007); Zach v. Eacker, 271 Neb. 868, 716 N.W.2d 437 (2006).
[10] § 16-726 (Reissue 1987).
[11] Committee on Urban Affairs Hearing, 91st Leg., 2d Sess. 59 (Jan. 23, 1990).
[12] Floor Debate, 91st Leg., 2d Sess. 9294 (Feb. 7, 1990).
[13] Neb. Rev. Stat. §§ 13-901 to 13-926 (Reissue 1997 & Cum. Supp. 2006).
[14] § 13-905; Crown Products Co. v. City of Ralston, supra note 6.
[15] Chicago Lumber Co. v. School Dist. No. 71, 227 Neb. 355, 417 N.W.2d 757 (1988).
[16] Estate of McElwee v. Omaha Transit Auth., 266 Neb. 317, 664 N.W.2d 461 (2003); Schoemaker v. Metropolitan Utilities Dist., 245 Neb. 967, 515 N.W.2d 675 (1994); Willis v. City of Lincoln, 232 Neb. 533, 441 N.W.2d 846 (1989).
[17] Mason v. City of Lincoln, 266 Neb. 399, 665 N.W.2d 600 (2003); K N Energy v. Village of Ansley, 266 Neb. 164, 663 N.W.2d 119 (2003).